OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. On March 15, 2001 defendant filed a “Motion in Limine To Compel the Prosecution to Disclose All Information Regarding Its Survey of Potential Jurors.” In the alternative, defendant seeks an in camera review of such information. On March 16, 2001 the People filed an affirmation opposing defendant’s motion. On March 16, 2001 this *625 court, on the record, denied defendant’s motion entitled DEF-73 in its entirety.
The survey came to the court’s attention when a prospective juror during individual voir dire informed the court that his spouse had received a call from an unidentified pollster concerning a capital murder trial, specifically identifying the race and gender of the defendant and the victim.
The People admit that at their behest a “community attitude survey was conducted between July 24, 2000 and July 31, 2000 in Monroe County. Four hundred and two jury-eligible subjects were randomly contacted by telephone.” Defendant alleges that the use of the survey by the People adversely affected jury selection in this capital case.
On August 4, 2000 the Monroe County Commissioner of Jurors (Commissioner) drew a jury pool of 2,200 prospective jurors for this case. The Commissioner mailed 2,200 summonses to prospective jurors on August 10, 2000. On September 6, 2000 jury selection commenced when 700 prospective jurors complied with the Commissioner’s summonses and appeared to complete this court’s written questionnaire. Individual voir dire pursuant to CPL 270.16 (1) commenced on September 27, 2000.
Defendant failed to show any actual prejudice resulting from the People’s survey of the community and, thus, disclosure of the People’s work product is not warranted. This court finds the survey predated the draw of the jury pool for this case. Only one prospective juror revealed knowledge of the survey out of the 591 prospective jurors who underwent individual questioning, or were excused by consent of the parties. As with all prospective jurors, defendant had an unlimited opportunity to question that juror concerning any racial biases, preconceived attitudes about the death penalty, and any other matter the defendant deemed appropriate.
Defendant’s motion entitled DEF-73 is denied in its entirety.